(8 Misc. Rep. 595.)

## McAVOY v. CASSIDY.

### (City Court of Brooklyn, General Term. May 28, 1894.)

1. ADVERSE POSSESSION—INSTRUCTIONS.
   Where the court has correctly charged that adverse possession must be "undisturbed," it is not error to state further that it must be "peaceable."

2. SAME—INCLOSURES.
   Under Code Civ. Proc. § 372, where it is not claimed that the land in controversy has been cultivated or improved, it is not error to charge that, in order to establish title by adverse possession, it must be shown that the land was inclosed.

Appeal from trial term.

Action by Sarah McAvoy against Charles Cassidy to recover possession of land. There was a judgment in favor of plaintiff, and defendant appeals. Affirmed.

Argued before OSBORNE and VAN WYCK, JJ.

Wm. J. Courtney, for appellant.
Johnson & Lamb, for respondent.

OSBORNE, J.    Plaintiff brought this action to recover posses-sion of a strip of land on Walworth street, in this city, 10 feet 3 inches wide by 25 feet in depth; claiming to be the owner thereof, and that defendant unlawfully withheld possession of the same. The answer was a general denial.    Plaintiff had a verdict in her favor, and defendant appeals from the judgment entered thereon, and also from an order denying a motion for a new trial.

From the evidence printed in the case on appeal, it appears that in and prior to 1844 one John Kelly was the owner of a plot known as "Lot No. 116" on map of property belonging to Garret Nostrand.    On February 21, 1844, Kelly conveyed to Margaret Mc-Avoy the northern half of said lot, by metes and bounds.    This deed embraced the strip of land in dispute.    The title conveyed by this deed, by various mesne conveyances, became vested in 1869 in the plaintiff.    In 1852, Kelly conveyed the southerly half of said lot No. 116 to one Charles Cassidy.    The premises so conveyed were described, in part, as commencing at a point on Walworth street distant 67 feet 11 inches south from the southeast corner of Walworth street and the Wallabout Bridge road, "which point is also the southwestern corner of land conveyed to Margaret McAvoy."    This last-mentioned parcel of land was, by various deeds and wills, conveyed and demised by the same description until, in 1884, it became vested in the defendant.    In 1852, Cas-sidy, the grantee of Kelly, built a house 13 feet deep, so that 10 feet and 3 inches thereof encroached upon the premises that had been originally conveyed by Kelly to McAvoy, plaintiff's predecessor in title.    Subsequently, by boxing in the rear stairs, and erecting a shed, the encroachment was increased 7 feet 6 inches.    As to whether the rest of the lot was inclosed, the evidence was con-flicting.

We have read with great care the very able brief of the learned counsel for the appellant, but, in consequence of the omission from the case on appeal of the statement that it contains all the evi-dence, we are precluded from considering the motion for a new trial on the minutes (Cheney v. Railroad, 16 Hun, 415), and our review of the case on this appeal must therefore be confined to the exceptions in the case.    The omission of this statement is also an answer to the exception taken by appellant's counsel at the close of the case to the denial of his motion to dismiss the com-plaint on the ground that plaintiff had not made out a cause of action.    But, even if this was not so, the evidence, as printed, went to show that the occupancy of the rear part of the strip in dispute had not been undisturbed, and as to that portion of the premises an issue was made which it was necessary to submit to the jury.

While plaintiff made out a clear record title to the premises in question, defendant claimed to hold by virtue of 20 years' adverse possession.    The learned trial judge charged the jury that—

"The occupant who claims adverse possession must claim during that time [twenty years or over] adverse to the true owner.    The possession, as said in the books, must be a possession undisturbed and open, and under the open

claim of ownership, and must be adverse to the owner of record. * * * That is a question of fact for you to decide, on all the evidence in this case, —whether the defendant, and the parties who owned before him, and occupied the premises, have peaceably, openly, and under claim of ownership, to the exclusion of the plaintiff, occupied the premises in question. * * * Another question, as I have said, may arise as to the lot,—the vacant part of the premises in question. The defendant, in order to establish adverse possession there, must prove that during the time of the alleged adverse possession the premises (the lot) was protected by a fence,—by a substantial inclosure."

The learned counsel for the defendant excepted to the charge "that the possession for twenty years has to be peaceable, in order to give right to any title," and also to the charge that it must be inclosed by a substantial inclosure. Neither of these exceptions seems to us to be well taken. That, to establish a title by adverse possession, the possession must be "undisturbed," will not be disputed. This the learned trial judge charged. The possession must be peaceable, to be undisturbed; and, taken in connection with what preceded it, the statement that the possession must be "peaceable" was not erroneous. Nor was the charge that it must be inclosed by a substantial inclosure erroneous. Code Civ. Proc. § 372. The only contention of the defendant, so far as the case shows, as to the rear or unoccupied portion of the strip, was that it has been fenced off from plaintiff's land. This was denied by plaintiff, and the question as to whether it had been so fenced off was the only issue made on that branch of the case. There was no pretense that it had been "usually cultivated or improved."

The learned counsel for the defendant also excepted to that portion of the charge in which the learned trial judge charged that—

"The house was erected in 1852. Under what arrangement it was erected, we do not know. That may be a question of fact for you to decide on the evidence in this case."

The claim is made by the learned counsel for the appellant that there was no evidence in the case of any arrangement as to the erection of the house. We cannot assume that to be so, in the absence of the statement above referred to,—that the case contains all the evidence. We might further add that we are not prepared to hold that the descriptions in the deeds to defendant and his predecessor in title, by which their lands were described as commencing at "the southwestern corner of land conveyed to Margaret McAvoy," was not some evidence of recognition of the ownership of plaintiff and his predecessors in title of the premises in dispute. We think that the judgment, and the order denying the motion for a new trial, should be affirmed, with costs.